SOUTHWEST MARINE OF SAMOA, INC., Appellant

v.

S & S CONTRACTING, INC., Appellee

High Court of American Samoa
Appellate Division

AP No. 18-87

October 22, 1987

Before KING*, Acting Associate Justice,
O'SCANNLAIN**, Acting Associate Justice, LUALEMAGA,
Associate Judge, and OLO, Associate Judge.

Counsel: For Appellant, Togiola T.A. Tulafono

PER CURIAM;

 Southwest Marine of Samoa, Inc., sued S & S
Contracting, Inc., in this court, for damages for
an alleged breach of a contract between the two

---

 * Honorable Samuel P. King, Senior Judge,
United States District Court for the District of
Hawaii, serving by designation of the Secretary of
the Interior.

 ** Honorable Diarmuid F. O'Scannlain, Judge,
United States Court of Appeals for the Ninth
Circuit, serving by designation of the Secretary of
the Interior.

companies. S & S Contracting did not answer the complaint. Southwest Marine moved for judgment by default. Before the default motion was heard, S & S Contracting filed a voluntary petition of bankruptcy under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Hawaii. On the day before the date set for the hearing on Southwest Marine's motion for default judgment, the clerk of this court received notice of the bankruptcy petition and of the automatic stay provided by 11 U.S.C. § 362(a). The hearing on Southwest Marine's default motion was continued. Southwest Marine then argued that the stay provisions of Title 11 of the United States Code do not extend to American Samoa. The trial judge held otherwise. This appeal followed.

The bankruptcy code in 11 U.S.C. § 101(49) defines the "United States" as "all locations where the judicial jurisdiction of the United States extends, including territories and possessions of the United States." Under 11 U.S.C. § 362, the filing of a bankruptcy petition operates as a stay, "applicable to all entities," of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against a debtor" that relates to a claim arising before the filing of the petition. The filing of bankruptcy petitions is limited by 11 U.S.C § 109 to debtors residing or having a domicile, a place of business or property in the United States.

Southwest Marine argues that "the judicial jurisdiction of the United States" does not extend to American Samoa. The report of the House Judiciary Committee accompanying the bankruptcy code suggests otherwise. House Rep. No. 95-595 accompanying H.R. 8200, 95th Cong., 1st Sess. There is no doubt that Congress has the power to legislate with respect to American Samoa. American Samoa is a possession of the United States. A restrictive reading of the reach of the bankruptcy code would be contrary to the purpose of the bankruptcy laws and especially to the purpose of its automatic stay provisions. Even though there is no Article III, or bankruptcy, judge or court in American Samoa, federal courts do exercise judicial power over American Samoa.

Southwest Marine argues that inasmuch as a debtor in American Samoa cannot file for bankruptcy

63

in American Samoa, the stay provisions of 11 U.S.C § 302 do not extend to American Samoa. But it does not follow, as the trial judge observed, "that a bankruptcy court which has acquired jurisdiction over a debtor may not issue orders concerning the debtor's property . . . that are binding in American Samoa."

Even if we were to agree with Southwest Marine that the stay provisions of the bankruptcy code are not binding on the High Court of American Samoa, we would as a matter of comity, or full faith and credit, accorded to a court of the United States having jurisdiction over the person and subject matter, defer to the lawful orders of that court.

The judgment of the Trial Division is AFFIRMED.